**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
MAURICE KING,                       :
                                    :  Civil Action No. 08-2850 (NLH)
            Petitioner,             :
                                    :
      v.                            :       O P I N I O N
                                    :
PAUL M. SCHULTZ, Warden,            :
                                    :
            Respondent.             :
_____:
```

**APPEARANCES:**

Maurice King, Pro Se          Paul A. Blaine
19392-037                     Assistant U.S. Attorney
Federal Correctional Institution   Office of the U.S. Attorney
P.O. Box 420                  401 Market Street, 4th Fl.
Fairton, NJ 08320             Camden, NJ 08101
                              Attorney for Respondent

**HILLMAN, District Judge**

Petitioner, Maurice King, a federal prisoner confined at the Federal Correctional Institution, Fairton, New Jersey, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' calculation of his sentence. The named respondent is Warden Paul Schultz. Warden Schultz filed an answer to the petition asserting that the petition has no merit. Petitioner then filed a Traverse. This Court has reviewed all submissions by the parties and, for the reasons stated below, will deny the petition.

## BACKGROUND

The following facts are taken from the parties' submissions and administrative record.  On March 18, 1983, Petitioner was sentenced in federal court to a 50-year non-parolable term of imprisonment.  On appeal, the conviction was reversed.  Following remand, a jury trial was conducted and Petitioner was once again convicted.  On June 19, 1987, he was again sentenced to a 50-year aggregate term of imprisonment.

On October 17, 1989, Petitioner was separately and additionally sentenced, again in federal court on subsequent narcotics charges to serve a term of 360 months imprisonment, with 96 months of that sentenced being served consecutively to the previously-imposed 50-year term.

The Bureau of Prisons' ("BOP") calculated that Petitioner would be released from the first sentence of 50 years on January 6, 2013.  Petitioner was given 102 days prior custody credit against this sentence for the period of June 7, 1982 through September 7, 1982.

In calculating the second sentence of 360 months, 96 of which were to be served consecutively to the 50-year sentence, the BOP concluded that the sentence commenced on November 7, 1993.  The BOP took the projected release date of the first 50-year sentence, January 6, 2013, then added the consecutive 96 months, then deducted 376 days of good conduct credit, and

deducted the 264 months concurrent term and loss of some good conduct time, yielding a release date of January 7, 2020.[1]

Petitioner argues that the Bureau of Prisons' calculation of his sentence violates federal law because the 360 month sentence should have commenced on October 17, 1989, due to the fact that the sentences could not be aggregated.  The previous 50-year sentence could not be aggregated with the 360 month sentence because the sentences were for conduct occurring before and after the November 1, 1987 effective date of the Sentencing Reform Act, respectively.

Petitioner argues that the BOP's calculation of his sentence results in "the most Draconian situation one can ever imagine."  Petitioner argues that his sentence should have been aggregated to reflect 58 years (the 50-year sentence, plus the 96 month consecutive term required of the 360 month sentence), and that the 58 years should have run nunc pro tunc, retroactively concurrent, to Petitioner's 50-year sentence.

## ANALYSIS

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976);

---

[1] Petitioner also served a Maryland state sentence, which was completed on June 7, 1992.  Because the second federal sentence did not address the Maryland state sentence, the second federal sentence was to be served consecutively to the state sentence, which did not expire until June 7, 1992.

Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).  Because Petitioner is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

**A.    Jurisdiction**

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless-... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date).  See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to

4

federal sentencing).  Accordingly, this Court has subject matter jurisdiction under § 2241 to consider this matter since Petitioner does not challenge the imposition of the sentence, but instead challenges the execution of the sentence, and because Petitioner was confined in New Jersey at the time he filed his petition.

Petitioner exhausted his administrative remedies.

**B.    The Petition Must Be Denied.**

The sentencing judge who imposed Petitioner's second federal sentence clearly stated that 96 months of the 360-month sentence imposed must run consecutively to the first-imposed 50-year sentence.

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.-A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at,

>     the official detention facility at which the sentence
>     is to be served.
>     (b) Credit for prior custody.-A defendant shall be
>     given credit toward the service of a term of
>     imprisonment for any time he has spent in official
>     detention prior to the date the sentence commences-
>
>         (1) as a result of the offense for which the
>         sentence was imposed; or
>         (2) as a result of any other charge for which the
>         defendant was arrested after the commission of the
>         offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

In this case, Petitioner was in custody, but serving a previously imposed 50-year sentence at the time of his second sentence.  Petitioner appears to argue that his second sentence should have commenced immediately, since he was already in custody on the first sentence.  However, the sentencing judge specifically mandated that 96 months of the second sentence be served consecutively to the first sentence.  Thus, it appears that the BOP's calculation of the sentence was the only possible calculation, given the sentencing judge's mandate.

Additionally, Petitioner argues that it would be proper for his sentences to be aggregated.  While "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single aggregate term of imprisonment,"  18 U.S.C. § 3584(c), Petitioner's argument that the two sentences be aggregated into a single term fails, because the sentences were for conduct that occurred before and

after the November 1, 1987 effective date of the Sentencing Reform Act, and thus, cannot be aggregated.  See Pizarro v. Federal Bureau of Prisons, 2005 WL 1177942 (D.N.J. May 18, 2005) (Simandle, J.) (explaining that "the Bureau's policy for dealing with these conflicting [sentencing] statutes is reasonable" and noting reasonableness in the BOP's policy "given the conflicts."); see also BOP Program Statement 5880.28, p. 1-5 ("A sentence imposed for an offense that occurred prior to November 1, 1987 ("old law" sentence) shall not be aggregated with a sentence imposed for an offense that occurred on or after November 1, 1987 (SRA or "new law" sentence)").

Furthermore, this Court notes that the BOP calculation of the sentence ensures that the second sentencing judge's mandate is followed, and that Petitioner's custodial term is not interrupted.  Petitioner is not entitled to have the sentences run concurrently, where there is no danger that he would serve more than that correct total time.  See Boston v. Attorney General, 210 Fed. Appx. 190, 193 (3d Cir. 2006)(citing Free v. Miles, 333 F.3d 550, 554-55 (5th Cir. 2003)(finding that serving sentence in two time-separated segments was permissible when inmate would be serving his consecutive sentence in the overall correct amount of time)).

Finally, this Court is without power to second guess the BOP's determination: the Court's mandate to overrule the BOP's

decision could be utilized only if the Court determines that the BOP abused its discretion.  See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).  In other words, the Court may not substitute its judgment for the agency's judgment.  See, e.g., Koyo Seiko Co. v. United States, 36 F.3d 1565, 1570 (Fed. Cir.1994) ("a court must defer to an agency's reasonable interpretation of a statute even if the court might have preferred another"); see also Negev Phosphates, Ltd. v. United States, 699 F. Supp. 938, 942 (1988) (the court must sustain an agency's determination if it is reasonable and supported by the record "as a whole").

## **CONCLUSION**

Based on the foregoing, the Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, will be denied.  An appropriate Order accompanies this Opinion.


　　　　　　　　　　　　　　　　　　 /s/ NOEL L. HILLMAN
　　　　　　　　　　　　　　　　　　NOEL L. HILLMAN
　　　　　　　　　　　　　　　　　　United States District Judge

Dated: September 4, 2009

At Camden, New Jersey