**NOT FOR PUBLICATION**

```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
_____
                                    :
MAURICE KING,                       :
                                    :  Civil Action No. 08-2850 (NLH)
              Petitioner,           :
                                    :
         v.                         :      O P I N I O N
                                    :
PAUL M. SCHULTZ, Warden,            :
                                    :
              Respondent.           :
_____:
```

**APPEARANCES:**

Maurice King, Pro Se            Paul A. Blaine
19392-037                       Assistant U.S. Attorney
Federal Correctional Institution Office of the U.S. Attorney
P.O. Box 1000                   401 Market Street, 4th Fl.
Cumberland, MD 21501            Camden, NJ 08101
                                Attorney for Respondent

**HILLMAN, District Judge**

Petitioner, Maurice King, a federal prisoner formerly confined at the Federal Correctional Institution, Fairton, New Jersey, and currently confined in Cumberland, Maryland, brings this motion to reopen his case (docket entry 27), with respect to his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, and denied by this Court on September 4, 2009. Respondent filed opposition to the motion (docket entry 28), to which Petitioner replied (docket entry 29).

This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the motion will be denied.

## BACKGROUND

In his initial habeas petition before this Court, filed on or about June 9, 2008, Petitioner challenged the Bureau of Prison's ("BOP") calculation of his sentence.  This Court held that:

> In this case, Petitioner was in custody, but serving a previously imposed 50-year sentence at the time of his second sentence.  Petitioner appears to argue that his second sentence should have commenced immediately, since he was already in custody on the first sentence.  However, the sentencing judge specifically mandated that 96 months of the second sentence be served consecutively to the first sentence.  Thus, it appears that the BOP's calculation of the sentence was the only possible calculation, given the sentencing judge's mandate.
>
> Additionally, Petitioner argues that it would be proper for his sentences to be aggregated.  While "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single aggregate term of imprisonment," 18 U.S.C. § 3584(c), Petitioner's argument that the two sentences be aggregated into a single term fails, because the sentences were for conduct that occurred before and after the November 1, 1987 effective date of the Sentencing Reform Act, and thus, cannot be aggregated. See Pizarro v. Federal Bureau of Prisons, 2005 WL 1177942 (D.N.J. May 18, 2005) (Simandle, J.) (explaining that "the Bureau's policy for dealing with these conflicting [sentencing] statutes is reasonable" and noting reasonableness in the BOP's policy "given the conflicts."); see also BOP Program Statement 5880.28, p. 1-5 ("A sentence imposed for an offense that occurred prior to November 1, 1987 ("old law" sentence) shall not be aggregated with a

> sentence imposed for an offense that occurred on or after November 1, 1987 (SRA or "new law" sentence)").
>
> Furthermore, this Court notes that the BOP calculation of the sentence ensures that the second sentencing judge's mandate is followed, and that Petitioner's custodial term is not interrupted. Petitioner is not entitled to have the sentences run concurrently, where there is no danger that he would serve more than that correct total time. See Boston v. Attorney General, 210 Fed. Appx. 190, 193 (3d Cir. 2006) (citing Free v. Miles, 333 F.3d 550, 554-55 (5th Cir. 2003) (finding that serving sentence in two time-separated segments was permissible when inmate would be serving his consecutive sentence in the overall correct amount of time)).
>
> Finally, this Court is without power to second guess the BOP's determination: the Court's mandate to overrule the BOP's decision could be utilized only if the Court determines that the BOP abused its discretion. See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S. Ct. 2778, 81 L. Ed.2d 694 (1984). In other words, the Court may not substitute its judgment for the agency's judgment. See, e.g., Koyo Seiko Co. v. United States, 36 F.3d 1565, 1570 (Fed.Cir.1994) ("a court must defer to an agency's reasonable interpretation of a statute even if the court might have preferred another"); see also Negev Phosphates, Ltd. v. United States, 699 F. Supp. 938, 942 (1988) (the court must sustain an agency's determination if it is reasonable and supported by the record "as a whole").

King v. Schultz, 2009 WL 2905447 at *3 (D.N.J. 2009), 08-cv-2850

(NLH) (docket entry 16).

Petitioner appealed this Court's decision to the Court of Appeals for the Third Circuit. In an unpublished opinion, the Court of Appeals affirmed this Court's decision, holding:

> To evaluate the BOP's construction of the statute, we first must determine if "Congress has directly spoken to the precise question at issue." See Chevron,

> U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); Stiver v. Meko, 130 F.3d 574, 577 (3d Cir. 1997) (quoting Chevron ). If Congress has directly spoken on the issue with unambiguous*551 legislative intent, we inquire no further; if, however, a statute leaves a gap for an agency to fill, we will uphold the agency's interpretation if the agency chooses a reasonable accommodation of conflicting policies that were committed to its care by statute. Id. However, we only give "some deference" to program statements (as opposed to the greater deference awarded to regulations under Chevron ) because the statements are merely internal agency guidelines that the BOP may alter at will. See id. at 578.
>
> In this case, Congress called for aggregation of "multiple terms of imprisonment" for "administrative purposes." There is a gap in the statute, which does not explicitly require aggregation of terms from crimes under different statutory schemes nor require aggregation for the purpose of awarding good time credit. Because of the ambiguities, the BOP could seek to fill the gap with its program statement. And, in light of the differences between how good time credits are calculated under the two schemes, compare, e.g., 18 U.S.C. § 3624(b) (repealed) with 18 U.S.C. § 3624(b)(1), (2), the BOP's interpretation that terms should not be aggregated for adding or subtracting good time earned is reasonable. By not aggregating the sentences, the BOP is able to maintain the separate rules for calculating the length of "old law" versus "new law" sentences.
>
> In short, we conclude that the District Court properly denied King's petition because the BOP did not err in calculating King's sentence in such a way as to resolve a conflict between two statutory schemes and to preserve the 96 months that King must serve consecutively to his first federal sentence. Accordingly, we will affirm the District Court's judgment.

King v. Schultz, 408 Fed. Appx. 548, 550-51 (3d Cir. Nov. 10, 2010) (unpubl.). The Court of Appeals judgment was filed on

4

November 10, 2011, with the mandate filed in this Court on February 9, 2011.

Over a year later, on February 24, 2012, Petitioner now files this motion to reopen his case, citing Fed. R. Civ. P. 60(b)(6). He argues that this Court and Respondents overlooked certain aspects of his case, and misinterpreted the law. He states: "As shown and argued above, Petitioner is asserting that the court[']s previous ruling upon his § 2241 on the merits, missed critical facts, and legal points of interest, that if properly considered now would in all probability lead to a different outcome judgment." (Motion, p. 11, docket entry 27).

## ANALYSIS

Petitioner's motion to reopen is another attempt to have his case reconsidered. In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The

movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(I). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279

6

(D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (citation omitted).

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party ... from a final judgment, order, or proceeding" on the grounds of:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Given the strong interest in the finality of judgments, "relief from a judgment under Rule 60 should be granted only in exceptional circumstances."  Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978).

Here, Petitioner fails to provide any evidence to show that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration.  Rather, Petitioner merely restates his very same arguments addressed by this Court in its September 4, 2009 Opinion, and by the Court of Appeals in its November 10, 2010 Opinion.  Thus, it is evident that Petitioner simply disagrees with this Court's ruling, and the Third Circuit's decision, and is seeking yet another bite at the apple on this issue of a sentence construction.

Consequently, Petitioner fails to satisfy the threshold for

granting a motion for reconsideration.  He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.  He has already presented this case to the Court of Appeals, which affirmed this Court's decision.  He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court, as well as the Court of Appeals.

## CONCLUSION

Therefore, for the reasons expressed above, Petitioner's motion to reopen (docket entry 27) will be denied for lack of merit.  An appropriate Order follows.

    s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: September 24, 2012

At Camden, New Jersey